UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRANDON JOHNSON,

Plaintiff,

v.

SIEMENS INDUSTRY, INC.,

Defendant.

Case No. 23-cv-01562-RS

**ORDER GRANTING MOTION TO TRANSFER**

## I.  INTRODUCTION

Plaintiff Brandon Johnson filed this action against his former employer Siemens Industry, Inc. on behalf of himself and a putative nationwide, opt-in, class of his fellow employees, alleging failure to pay overtime wages, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq*. ("FLSA"). Siemens moves to transfer the case to the Central District of California where a nearly identical FLSA action was previously filed by the same plaintiff's counsel. For the reasons set out below, the motion will be granted.

## II.  BACKGROUND

Johnson is represented in this action by Lebe Law, APLC. In March of 2022, the Lebe firm filed *Chanielle Enomoto v. Siemens Industry, Inc*., Case No. 8:22-cv-00334-DOC-KES ("*Enomoto I*") as a putative opt-in class action under the FLSA in the Central District. Almost three months later, the Lebe firm filed another action against Siemens with Ms. Enomoto as named plaintiff,

United States District Court
Northern District of California

1    this time in Alameda Superior Court, as a PAGA and putative class action under the California

2    Labor Code ("*Enomoto II*").

3          Siemens removed *Enomoto II* to this court, asserting jurisdiction under the Class Action

4    Fairness Act ("CAFA"). Soon thereafter, plaintiff filed a request for voluntary dismissal. The

5    request explained the parties had reached a stipulation in *Enomoto I* that the complaint in that

6    action would be amended to include the PAGA and state law claims, and that *Enomoto II* would

7    be dismissed without prejudice. The Central District approved the stipulation there, and the

8    dismissal was entered here.

9          In October of 2022, the Central District dismissed *Enomoto I* in its entirety. The court

10    concluded the complaint pleaded insufficient facts to support the FLSA claim and dismissed it

11    without prejudice. Although the order did not mention "leave to amend," there appears to be no

12    dispute that Enomoto had the right to amend, which she elected not to exercise. The court also

13    concluded it lacked CAFA jurisdiction over the state law claims, and declined to exercise

14    supplemental jurisdiction over them. Enomoto was directed to refile those claims in state court.

15          Siemens has appealed the order dismissing the state law claims, challenging the finding

16    that there was no CAFA jurisdiction. [1] Although appeal is pending, the trial court case in *Enomoto*

17    *I* is presently closed.

18          The record does not disclose any personal reason Enomoto may have had for not

19    exercising her right to amend her FLSA claim in the Central District. The Lebe firm, however,

20    filed the present action in this district last April. The complaint here asserts substantially the same

21    FLSA claim for unpaid overtime originally pleaded in *Enomoto I*, which remained in *Enomoto I*

22    after the amendment to include the state law claims from *Enomoto II*.

23

24

25    [1] A footnote in Johnson's opposition to the motion to transfer states that because Siemens has not
responded to a request to stipulate that the statute of limitations on the state law claims are tolled

26    while the *Enomoto I* appeal is pending, those claims will soon be refiled in Alameda Superior
Court. Because the footnote uses the passive voice, it is unclear whether the Lebe firm intends to

27    use Enomoto or Johnson as named plaintiff in that suit.

28

1      Although the complaint in this action is silent as to Johnson's residence or workplace,

2    Siemens offers a declaration, not contested by Johnson, that he was employed in Orange County,

3    in the Central District. There is no basis to assume the alleged wrongful conduct giving rise to his

4    claims occurred outside that district.

5

6                                III. LEGAL STANDARDS

7      Siemens frames its transfer motion as one brought for "convenience" under 28 U.S.C. §

8    1404(a) and/or under the so-called "first-to-file" rule. "For the convenience of parties and

9    witnesses, in the interest of justice, a district court may transfer any civil action to any other

10   district or division where it might have been brought or to any district or division to which all

11   parties have consented." 28 U.S.C. § 1404(a). Pursuant to that section, a court should consider: (1)

12   the convenience of the parties, (2) the convenience of the witnesses, and (3) the interest of justice.

13   *Id.* As the Ninth Circuit explained in *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th

14   Cir.2000), additional factors that a court may consider include:

15

16            (1) where the relevant agreements were negotiated and executed,
              (2) which state is most familiar with governing law, (3) the
17            plaintiff's choice of forum, (4) the parties' contacts with each
              forum, (5) the parties' contacts with each forum that are related to
18            the cause of action, (6) the relative costs of litigating in each
              forum, (7) the availability of compulsory process in each forum,
19            and (8) access to evidence in each forum.

20   *Id.* at 498–99.

21      Consistent with the above, courts in this district have articulated additional factors such as

22   feasibility of consolidation with other claims, local interest in the controversy, and relative court

23   congestion. *See Vu v. Ortho-McNeil Pharmaceutical, Inc.*, 602 F.Supp.2d 1151, 1156 (N.D. Cal.

24   2009). "No single factor is dispositive, and a district court has broad discretion to adjudicate

25   motions for transfer on a case-by-case basis." *Park v. Dole Fresh Vegetables, Inc.*, 964 F.Supp.2d

26   1088, 1093 (N.D. Cal.2013) (citations omitted); *see also, Commodity Futures Trading Comm'n v.*

27

28

United States District Court
Northern District of California

1   *Savage*, 611 F.2d 270, 279 (9th Cir. 1979) ("Weighing of the factors for and against transfer

2   involves subtle considerations and is best left to the discretion of the trial judge.").

3        The well-established "first to file" rule allows a district court to transfer, stay or dismiss an

4   action when a similar complaint has been filed in another federal court. *Alltrade, Inc. v. Uniweld*

5   *Products, Inc*., 946 F.2d 622, 623 (9th Cir.1991). Thus, a court must look to three threshold

6   factors in deciding whether to apply the first to file rule: the chronology of the two actions, the

7   similarity of the parties, and the similarity of the issues. *Pacesetter Systems, Inc. v. Medtronic,*

8   *Inc*., 678 F.2d 93, 95 (9th Cir.1982); *Alltrade*, *supra*, 946 F.2d at 625–26.

9

10   IV. DISCUSSION

11        Motions to transfer "for convenience" rarely present as compelling a set of circumstances

12   as they did in an earlier time. The ease and speed of travel, electronic communications, and the

13   increasing use of "virtual" depositions and court appearances mean that it will not usually present

14   a significant hardship to litigate in one forum as opposed to another—particularly where, as in this

15   case, the two forums are both located in the same state and same time zone. That, however, is a

16   double-edged sword, because even though it makes it more challenging for the party seeking

17   transfer to show it is warranted, it is also more difficult for the opposing party to show a transfer

18   would cause it undue burden or prejudice.

19        In many instances, therefore, the deference due to the plaintiff's choice of forum—which

20   has always been an important consideration—will be dispositive. Where the plaintiff is not a

21   forum resident, and the subject matter of the litigation has no particular connection to the forum,

22   however, plaintiff's choice of forum is entitled to little, if any, deference. *See, Fabus Corp. v.*

23   *Asiana Exp. Corp*., No. C-00-3172 PJH, 2001 WL 253185, at * 1 (N.D. Cal. Mar. 5, 2001) ("The

24   degree to which courts defer to the plaintiff's chosen venue is substantially reduced where the

25   plaintiff's venue choice is not its residence . . . ."); *Lou v. Belzberg,* 834 F.2d 730, 739 (9th

26   Cir.1987) ("If the operative facts have not occurred within the forum and the forum has no interest

27   in the parties or subject matter, [plaintiff's] choice is entitled to only minimal consideration.").

28

United States District Court<br>Northern District of California

United States District Court
Northern District of California

1   Here, as noted, Johnson appears to be a resident of the Central District; his employment

2   was there, his supervisors were presumably there, and the allegedly wrongful conduct took place

3   there. That this is a putative class action also undermines the importance of plaintiff's choice of

4   forum. *See*, *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("Although great weight is

5   generally accorded plaintiff's choice of forum, when an individual brings a derivative suit or

6   represents a class, the named plaintiff's choice of forum is given less weight." (internal citation

7   omitted)). Accordingly, the emphasis Johnson puts on the fact he elected this venue is largely

8   misplaced.[2]

9   That said, none of the remaining factors relevant to an ordinary "convenience" analysis

10  weigh heavily either in favor of, or against, transfer, and therefore the motion might present a

11  close call in the absence of the "first-to-file" rule and the fact that there is a strong appearance of

12  forum-shopping. The balance is tipped conclusively, however, because the complaint here is

13  substantively identical to the one dismissed in *Enomoto I* for failure to state a claim.[3] Although the

14  named plaintiff is different, the same counsel is endeavoring to bring the same claims on behalf of

15  the same class. While there might be circumstances under which a new named plaintiff can justify

16  filing in a different venue, Johnson and the Lebe firm have articulated no satisfactory reason for

17

18  [2] The parties also dispute how the status of the state law claims in the Central District plays into
    the convenience analysis. Siemens argues that if the Ninth Circuit reinstates those claims in
19  *Enomoto I*, then they should be litigated in the same action as Johnson's FLSA claim, which
    Enomoto originally asserted too. Johnson contends that, to the contrary, a transfer would put the
20  FLSA claim into the same procedural "limbo" as the state claims—a result Johnson contends
    unfairly favors Siemens. As noted, however, the Lebe firm also is planning to file a new state law
21  action in Alameda Superior Court, and may have already done so by now. At this juncture, it is
    unknown whether the Ninth Circuit will conclude there is CAFA jurisdiction over the state law
22  claims. Likewise, whether it will be appropriate to exercise supplemental jurisdiction over state
    law claims in a pending FLSA action likely will turn on the procedural sequence that unfolds
23  and/or any stipulations the parties reach. In any event, the merits of the transfer motion do not turn
    on where the state law claims may eventually be litigated.
24

25

26  [3] The allegations in the complaint here are nearly word-for-word identical to those in the original
    *Enomoto I* complaint. *Compare* Dkt. No. 1 and Dkt. No. 28-4. The amended *Enomoto I* complaint
27  added significantly more detail, *see* Dkt. No. 28-8, yet was still found insufficient to state a claim.

28

CASE NO. 23-cv-01562-RS

United States District Court
Northern District of California

1   doing so here.[4] In lieu of exercising the right to amend in *Enomoto I*, the Lebe firm filed

2   essentially the same complaint, previously found insufficient, in a new venue. The appearance of

3   intentional shopping for a different result is inescapable.

4       Finally, Johnson's insistence to the contrary notwithstanding, the mere fact that *Enomoto I*

5   is closed does not foreclose application of the first-to-file rule. Although dismissal of an earlier-

6   filed case may render some of the considerations behind the rule moot in certain circumstances,

7   the forum shopping concern remains. *See Young v. L'Oreal USA, Inc*., 526 F. Supp. 3d 700, 707

8   (N.D. Cal. 2021) ("While the Court cannot say for certain, there is little doubt that Plaintiffs and

9   plaintiffs' counsel seek to avoid [a prior, dismissed case's] adverse ruling and to illicit a favorable,

10  yet inconsistent, judgment. That very conduct is exactly what the first-to-file rule is intended to

11  prevent. Accordingly, the Court finds that maintaining judicial consistency and federal comity

12  counsels strongly for applying the first-to-file rule.)

13

14                              V. CONCLUSION

15      The motion to transfer this action to the Central District is granted.[5] Johnson's motion for

16  conditional certification of an FLSA collective, and Siemen's Rule 12(b)(6) motion to dismiss

17  may be re-noticed or refiled after transfer, pursuant to the rules of the Central District and any

18  direction of the assigned judge.

19

20  _____

21  [4] As alluded to above, Johnson asserts a concern that if this case were transferred to the Central
    District, it might be stayed, pending the result of the appeal in *Enomoto I.* The only purpose of
22  such a stay would be to preserve the possibility of litigating the FLSA claim and state law claims
    in the same action. Whether Johnson's FLSA action is pending here or in the Central District,
23  however, the arguments favoring—and against—such a stay would be the same. Moreover,
    regardless of which federal venue hears pleading motions, if Johnson succeeds in stating a viable
24  FLSA claim, he will have a basis to invoke supplemental jurisdiction over the state law claims,
    without regard to CAFA.
25
    [5] In the event the matter is not automatically or randomly assigned to Judge David O. Carter, who
26  presided over *Enomoto I*, the parties may exercise any rights they have under the Central District's
    local rules to request a reassignment to Judge Carter.
27

28

1  **IT IS SO ORDERED**.

2  Dated:

3

_____

4  RICHARD SEEBORG
Chief United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California